AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means      ☑ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 24-1619
A GRAY APPLE IPHONE )
)
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ___Western___ District of ___Pennsylvania___
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A, incorporated herein.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B, incorporated herein.

**YOU ARE COMMANDED** to execute this warrant on or before ___October 13, 2024___ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Duty Magistrate Judge___.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of ___.

Date and time issued: ___09/30/2024 3:45 pm___                    *(Judge's signature)*

City and state: ___Pittsburgh, Pennsylvania___      Honorable Kezia O. L. Taylor, U.S. Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

## Return

| Case No.: 24-1619 | Date and time warrant executed: 10/01/2024 10:18 AM | Copy of warrant and inventory left with: No one present |
|---|---|---|

Inventory made in the presence of: N/A

Inventory of the property taken and name(s) of any person(s) seized:

N/A

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 10/01/2024

_Executing officer's signature_

SA Kristen Luthy
_Printed name and title_

## ATTACHMENT A

*Property to be searched*

The property to be searched is a gray iPhone (FBI Evidence Item number 1B3), that was found in the residence of Stephen ONDULICH (DOB: May 3, 1993) during the execution of a search warrant of ONDULICH's known residence located at 216 1st Street, Unit 1, Trafford, Pennsylvania 15085, hereinafter to be referred to as "PREMISES". The device (1B3) is currently located at the FBI Pittsburgh Field Office, 3311 East Carson Street, Pittsburgh, Pennsylvania 15203. The gray iPhone will hereinafter be referred to as "the device".

## ATTACHMENT B

*Property to be seized*

1. The items, information, and data to be seized are fruits, evidence, information relating to, contraband, or instrumentalities, in whatever form and however stored, relating to violations of 18 U.S.C. §§ 922(g)(1), Unlawful Possession of Firearm; § 922(a)(5), Transfer, sell, trade, give, transport, or deliver any firearm to any person who the transferor knows or has reasonable cause to believe does not reside in the State in which the transferor resides; § 922(d), Knowingly sell, give or dispose of firearm to any person who falls into the categories set forth in 922(g) and 922(n) as described in the search warrant affidavit, including, but not limited to:

   a. Evidence concerning the unlawful manufacture and possession of firearms by persons prohibited under 18 U.S.C. §§ 922(g)(1);

   b. Evidence of ONDULICH's awareness of his unlawful status of the possession of firearms.

   c. Evidence of any transfer, sale, trade, give, transport, or delivery of any firearm to any person who the transferor knows or has reasonable cause to believe does not reside in the State in which the transferor resides as described in 18 U.S.C. §§ 922(a)(5);

   d. Evidence concerning efforts to manufacture, possess and distribute unlawful firearms to others who meet the definition of unlawful possessors as described in 18 U.S.C. §§ 922(g) and 18 U.S.C. §§ 922(n);

   e. Evidence relating to a conspiracy to illegally manufacture, possess and distribute unlawful firearms to others who meet the definition of unlawful possessors as described in 18 U.S.C. §§ 922(g) and 18 U.S.C. §§ 922(n) and others;

   f. Evidence concerning communications about the illegal manufacture, sale or possession of firearms by or to persons prohibited by 18 U.S.C. §§ 922(g)(1).

   g. Evidence concerning after-the-fact efforts to conceal evidence of those offenses, or to flee prosecution for the same;

   h. Evidence of the state of mind of the Subject and/or other co-conspirators, e.g., intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience related to the criminal activity under investigation; and

   i. Evidence concerning the identity of persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under

investigation; or (ii) communicated with the unlawful actors about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts.

j. Evidence of who used, owned, or controlled the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

k. Evidence of software, or the lack thereof, that would allow others to control the Devices, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

l. Evidence of the attachment to the Devices of other storage devices or similar containers for electronic evidence;

m. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Devices;

n. Evidence of the times the Devices were used;

o. Passwords, encryption keys, and other access devices that may be necessary to access the Devices;

p. Documentation and manuals that may be necessary to access the Devices or to conduct a forensic examination of the Devices;

q. Records of or information about Internet Protocol addresses used by the Devices;

r. Records of or information about the Devices' Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.